```
IN THE UNITED STATES DISTRICT COURT
   FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                WESTERN DIVISION
```

| | |
|---|---|
| Michael McKeown, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>Blue Diamond Transportation, Inc., )<br>Black Tie Transportation, Inc., and )<br>Gray K. Hill, )<br>)<br>       Defendants. )<br>_____) | COMPLAINT |

## I.   PRELIMINARY STATEMENT

1. This is an individual action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and the NC Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§95-25.1 et seq. by one former employee against the two closely-held corporations that employed that employee as a dispatcher in a business enterprise organized to provide private executive transportation under the common control of the President of both of those corporations, Grant K. Hill, from April 2016 through the middle of March 2018 in Morrisville, North Carolina.

2. The defendants Blue Diamond Transportation, Inc. and Back Tie Transportation, Inc. are part of a single enterprise that was and is operated by Grant K. Hill, the President of both of those corporate defendants since at least 2014. This action is brought under the FLSA and, in part, under the NCWHA for unpaid overtime wages and promised wages at the hourly rate that the defendants disclosed to the plaintiff pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) based upon the defendants' failure to pay the named plaintiff the wages that he was and is due on or before his regular payday at the overtime and promised rate required by and disclosed under 29 U.S.C. § 207(a) and N.C.Gen.Stat. §§ 95-25.6

1

and 95-25.13(1)-(2) when the plaintiff performed more than forty hours worked in the same workweek from April 2016 through March 2018.

3. In the alternative, in the event that the plaintiff's employment by the defendants in excess of 40 hours in the same workweek is not covered by the FLSA, this action is brought under N.C.Gen.Stat. §§ 95-25.4, 95-25.13(1)-(2), and 95-25.22(a)-(a1) of the NCWHA and the NCWHA statutes cited in ¶2 above of this Complaint based upon the defendants' failure to pay the named plaintiff all promised wages as described in ¶2 above and at the overtime rates required by N.C.Gen.Stat. § 95-25.4 that were disclosed to him pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and at the rate required by N.C.Gen.Stat. §§ 95-25.4 and 95-25.6 when those wages were due on his regular payday pursuant to N.C.Gen.Stat. §§ 95-25.6 and 95-25.22(a)-(a1) of the NCWHA for those workweeks in which the plaintiff was employed in the time period from April 2016 through March 2018 by one or more of the named defendants to work in excess of forty hours in the same workweek.

4. Based upon his claim under 29 U.S.C. § 207 of the Fair Labor Standards Act, his NCWHA claim under N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2) that are described in ¶2 above, and the plaintiff's alternative claims under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, and 95-25.13(1)-(2) of the NCWHA that are described in ¶3 above, the plaintiff seeks payment of back wages and an equal amount of liquidated damages, attorney fees, interest, and costs under 29 U.S.C. §216(b) and N.C.Gen.Stat. §§95-25.22(a), (a1), and (d).

II. JURISDICTION

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

6. This Court has the power to grant declaratory relief pursuant

to 28 U.S.C. Sections 2201 and 2202.

III. VENUE

7. Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b)(2), 1391(c)(2), and 1391(d), and 29 U.S.C. §216(b). At all times relevant to this action continuing through the present date, a substantial part of the events or omissions giving rise to this action by the plaintiff occurred in one or more of the counties listed in 28 U.S.C. § 113(a), and defendants operated and continue to operate one establishment of the enterprise they operate in an office located at 133 Southcenter Court, Suite 1100, Morrisville, North Carolina 27560 in Wake County, North Carolina at all times relevant to this action.

IV. NAMED PLAINTIFF

8. Plaintiff Michael McKeown is a resident of Raleigh, North Carolina who was jointly and severally employed by defendants Blue Diamond Transportation, Inc., Black Tie Transportation, Inc., and Gray K. Hill, as part of closely held enterprise that was and is part of a single business enterprise operated on a day-to-day basis by Gray K. Hill, the President of both Diamond Transportation, Inc. and Black Tie Transportation, Inc. Beginning on or about April 11, 2016 and ending on or about March 16, 2018, the defendants jointly and severally suffered or permitted the plaintiff to work for them as a dispatcher in the private executive transportation business they owned and operated within the meaning of 29 U.S.C. §§203(d) and 203(m) and N.C.Gen.Stat. §95-25.2(3) as part of the single business enterprise operated under the common control of defendant Grant K. Hill.

V. DEFENDANTS

9. Upon information and belief, at all times relevant to this action, defendant Blue Diamond Transportation, Inc. (hereinafter

3

referred to as "Blue Diamond") at an establishment located at 133 Southcenter Court, Suite 1100, Morrisville, North Carolina 27560, in Wake County, North Carolina, was and continues to be a closely-held, for-profit corporation organized under the laws of the State of North Carolina that along with defendant Black Tie Transportation, Inc. (hereinafter referred to as "Black Tie"), another closely-held, for-profit corporation organized under the laws of the State of North Carolina with an establishment located at 3050 Ridgewood Road, Winston-Salem, North Carolina 27107, in Forsyth County, North Carolina, was and is part of a single transportation enterprise with more than one establishment that provided, among other forms of transportation services, private executive transportation. At all times relevant to this action, the plaintiff was employed as a dispatcher for private executive transportation services provided by this single transportation enterprise that was operated and continues to be operated under the common control of and on a day-to-day basis by the President of both Blue Diamond and Black Tie, defendant Gray K. Hill, for the common business purpose of providing transportation services to members of the general public starting in or about 1989 and continuing thereafter through the present date as defined in 29 U.S.C. §§203(d), 203(m), 203(r), and 203(s)(1), and N.C.G.S. §95-25.2(3) and 95-25.2(18). http://blacktietransportation.net/ and http://bluediamondus.com/ (last accessed March 10, 2018).

10. During the time period from April 11, 2016 through on or about March 16, 2018, Blue Diamond, Black Tie, and Gray K. Hill jointly and severally employed the plaintiff as a dispatcher in the Morrisville, North Carolina establishment of Blue Diamond to provide private executive transportation services as part of the single enterprise that

4

is described in ¶9 above. As part of that employment, those same defendants directed, controlled, and supervised the day-to-day work of the plaintiff through their onsite, daily supervision of the plaintiff in the Blue Diamond business establishment located at 133 Southcenter Court, Suite 1100, Morrisville, North Carolina.

11. Upon information and belief, during calendar years 2015, 2016, and 2017, the defendants Blue Diamond and Black Tie were operated and continue to be operated as part of a single transportation enterprise at the establishments described in ¶9 above by defendant Gray K. Hill had a combined annual gross volume of sales made or business done of not less than $500,000 exclusive of excise taxes at the retail level that were separately stated.

12. During calendar year 2015, 2016 and 2017, the plaintiff and/or one or more employees of the single transportation enterprise consisting of the establishments of defendants Blue Diamond and Black Tie handled goods or equipment that had moved in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A). Those goods or equipment included, but were not limited to, the electronic communications equipment, telephones, and other software that the plaintiff and/or similarly situated employees handled for that same single transportation enterprise as part of their regular employment duties for that same single transportation enterprise made up of the business establishments of Blue Diamond and Black Tie.

13. At all times relevant to this complaint, defendant Gray K. Hill has been and continues to be the President and owner of both defendant Blue Diamond and Black Tie as alleged in ¶¶9 and 11 above. During that same time period, defendant Hill has resided and continues to reside at 271 Hidden Creek Drive, Advance, North Carolina 27006 in

Davie County, North Carolina.

14. At all times relevant to this action, defendant Blue Diamond is and has been organized as a closely-held ,for profit corporation under the laws of the state of North Carolina, with its principal office at 133 Southcenter Court, Suite 1100, Morrisville, North Carolina 27560 in Wake County, North Carolina, with an internet website at http://bluediamondus.com/, and its registered agent for service of process has been and is its President, Gray K. Hill, 271 Hidden Creek Drive, Advance, NC 27006.

14A. At all times relevant to this action, defendant Black Tie is and has been organized as a closely-held ,for profit corporation under the laws of the state of North Carolina, with its principal office at 3050 Ridgewood Road, Winston-Salem, North Carolina 27107 in Forsyth County, North Carolina, with an internet website at, http://blacktietransportation.net/, and its registered agent for service of process has been and is its President, Gray K. Hill, 271 Hidden Creek Drive, Advance, NC 27006.

VI. FACTUAL ALLEGATIONS

15. Defendants Blue Diamond, Black Tie, and jointly and severally employed the named plaintiff as described in ¶¶8-14A, inclusive, above of this complaint to work as a dispatcher to provide private executive transportation services out of the Morrisville, North Carolina business establishment of defendant Black Diamond in the transportation enterprise that the defendants operated in and around one or more counties located in those counties that are among those listed in 28 U.S.C. §§ 113(a)-(b).

16. As part of the employment described in paragraph 15 above, the plaintiff was regularly required to use the internet by interstate

6

electronic mail and the telephone to communicate with private executive transportation customers and drivers employed by the defendants' enterprise to provide executive transportation services to those customers in order to perform his primary job duty to route, communicate with and track the provision of those services by those drivers to those customers in the defendants' transportation enterprise.

16A. As part of his work as a dispatcher in the defendants' enterprise, the plaintiff did not exercise any discretion in planning driver assignments within U.S. Department of Transportation requirements in any way that affected driver overtime pay.

16B. As part of his work as a dispatcher in the defendants' enterprise, the plaintiff did not have any disciplinary authority over the drivers he dispatched.

16C. As part of his work as a dispatcher in the defendants' enterprise, the plaintiff did not have any authority to recommend hiring and firing of the drivers who operated the private executive vehicles that the defendants' enterprise provided.

16D. As part of his work as a dispatcher in the defendants' enterprise, the plaintiff did not arrange matters of route-planning, compliance with state weight limitations, or vehicle maintenance.

16E. As part of his work as a dispatcher in the defendants' enterprise, the plaintiff did not assign drivers to jobs, coordinate with customers, or decide whether to use certain drivers.

16F. As part of his work as a dispatcher in the defendants' enterprise, the plaintiff did not supervise or train any other employees or drivers who were employed in the defendants' enterprise.

17. Upon information and belief, pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2), for that joint and several employment of the plaintiff as

7

a dispatcher employed in the defendants' transportation enterprise, the defendants disclosed to plaintiff as part of the defendants' employment practices and policies with regard to promised wages that one or more of the defendants would pay him at 1½ times the regular rate at which the defendants employed him for all hours worked in excess of 40 hours in the same workweek.

18. With the knowledge of the defendants, the plaintiff regularly worked more than forty (40) hours worked per workweek in virtually every workweek if not all workweeks that the plaintiff was employed as a dispatcher in the defendants' enterprise.

19. At no time during the time period that the plaintiff was employed in the defendants' enterprise did any defendant, either individually or in any combination, compensate him at 1½ times the regular rate at which he was jointly and severally employed by the defendants for any workweek in which the defendants employed the plaintiff in the defendants' enterprise for more than forty (40) hours worked in the same workweek.

20. At no time after the plaintiff voluntarily terminated his employment in the defendants' enterprise did any defendant, either individually or in any combination, compensate him at 1½ times the regular rate at which he was jointly and severally employed by the defendants for any workweek in which the defendants employed the plaintiff in the defendants' enterprise for more than forty (40) hours worked in the same workweek..

21. As a direct and proximate result of the actions and omissions that are alleged in ¶¶15-16 and 18-20, inclusive, above, the plaintiff who worked in excess of forty (40) hours in the same workweek in virtually every workweek during his employment in the defendants'

enterprise in the time period from on or about April 11, 2016 through on or about March 16, 2018 did not receive wages at the rate and in the amount required by 29 U.S.C. § 207 or, in the alternative, in the amount required by N.C.Gen.Stat. § 95-25.4 when those wages were due on his regular weekly payday in violation of N.C.Gen.Stat. § 95-25.6.

22. As a direct and proximate result of the actions and omissions that are alleged in ¶¶15-20 above, the plaintiff who worked in excess of forty (40) hours in the same workweek in virtually every workweek during his employment in the defendants' enterprise in the time period from on or about April 11, 2016 through on or about March 16, 2018 did not receive all of the wages he was due when those wages were due him on his regular payday at 1½ times the regular rate at which was employed by the defendants in the defendants' enterprise in violation of N.C.Gen.Stat. § 95-25.6.

23. During the workweek(s) described in ¶¶15-20, inclusive, the named plaintiff had and has an express or implied agreement with the defendants that one or more of the defendants would pay him all promised wages when those wages were due on the regular payday for those wages at the rate and for the hours worked that one or more of the defendants disclosed to him pursuant to N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2) for all hours worked that the named plaintiff performed for defendants as alleged above.

24. The defendants have not complied and, upon information and belief, will not comply with the express or implied agreement described in ¶23 above, and by failing to comply, has failed to pay the named plaintiff all of the wages that the named plaintiff were and are due when those wages were due in violation of G.S. § 95-25.6.

VII. <u>FIRST CLAIM FOR RELIEF</u> (FLSA § 207 against all defendants)

25. Paragraphs 1 through 24 above are realleged and incorporated herein by reference by the named plaintiff pursuant to 29 U.S.C. §§ 207(a) and 216(b) against all defendants.

26. Defendant Gray K. Hill operated the defendants Blue Diamond and Black Tie as two establishments in a transportation enterprise that employed the plaintiff as a dispatcher to provide private executive transportation services when those defendants did not pay all wages due to the named plaintiff at the rates required by 29 U.S.C. § 207(a) for the work described in ¶¶8-24 above of this Complaint.

27. As a result of these actions of the defendants in violation of 29 U.S.C. § 207(a), the named plaintiff has suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. §216(b).

VIII. SECOND CLAIM FOR RELIEF (NCWHA § 95-25.6)

28. Paragraphs 1 through 24 above are realleged and incorporated herein by reference by the named plaintiff.

29. The defendants did not pay the plaintiff all wages due when those wages were due to the named plaintiff for the work described in ¶¶8-24 above of this Complaint in violation of the disclosures described in¶17 above, in violation of the agreement described in ¶¶23-24 above of this Complaint, and in violation of N.C.Gen.Stat. §§ 95-25.13(1)-(2), and 95-25.6.

30. As a result of these actions of the defendants in violation of the rights of the named plaintiff under N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 95-25.6, the named plaintiff has suffered damages in the form of unpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

IX. THIRD CLAIM FOR RELIEF (Alternative Claim - NCWHA §§ 95-25.3

& 95-25.4)

31. In the alternative to the First Claim for Relief alleged in ¶¶28-30 above of the complaint, in the event that the plaintiff's employment by the defendants is not covered by the FLSA, ¶¶1 through 24 above are realleged and incorporated herein by reference by the named plaintiff against all defendants under the NCWHA.

32. The defendants did not pay all promised wages due when those wages were due to the named plaintiff on his regular payday for the hours worked described in ¶¶8-24 above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4, 95-25.6, and 95-25.13(1)-(2).

33. The defendants did not pay all wages due when those wages were due at the rates required by N.C.Gen.Stat. § 95-25.4 to the named plaintiff for the hours worked described in ¶¶8-24 above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6.

34. As a result of these actions of the defendants in violation of the rights of the named plaintiff under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, and 95-25.13(1)-(2), the named plaintiff has suffered damages in the form of unpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

WHEREFORE Plaintiff respectfully requests that the Court:

(a) Grant a jury trial on all issues so triable;

(b) Enter judgment under the FSLA against defendants Blue Diamond Transportation, Inc., Black Tie Transportation, Inc., and Grant K. Hill, jointly and severally, and in favor of the named plaintiff for compensatory damages against those same defendants under the First Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiff under 29 U.S.C. §§ 207(a) and 216(b) for each workweek in which the named plaintiff performed more than 40 hours worked in the

same workweek as described in ¶¶8-24 above of the Complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. §216(b), plus interest in the manner and at the rate allowed by law;

(c) Enter judgment under the NCWHA against defendants Blue Diamond Transportation, Inc., Black Tie Transportation, Inc., and Grant K. Hill, jointly and severally, and in favor of the named plaintiff for compensatory damages against those same defendants under the Second Claim for Relief in an amount equal to the total of the unpaid promised wages due the named plaintiff under N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2), and in favor of the named plaintiff for compensatory damages against those same defendants under the Second Claim for Relief in an amount equal to the total of the unpaid promised wages due the named plaintiff under G.S. §§95-25.6 and 95-25.13(1)-(2) for any workweek in which the named plaintiff performed the hours worked described in ¶¶8-24 of the Complaint, plus an equal additional amount as liquidated damages under G.S.§§95-25.22(a) and 95-25.22(a1), plus interest in the manner and at the rate prescribed in N.C.Gen.Stat. §95-25.22(a);

(d) in the alternative to the relief prayed for in ¶(b) above under the FLSA, enter judgment under the NCWHA against defendants Blue Diamond Transportation, Inc., Black Tie Transportation, Inc., and Grant K. Hill, jointly and severally, and in favor of the named plaintiff for compensatory damages against those same defendants under the Third Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiff under G.S. §§ 95-25.4, 95-25.6, and 95-25.13(1)-(2) for any workweek in which the named plaintiff performed the hours worked described in ¶¶8-24 of the Complaint, plus an equal additional amount as liquidated damages under G.S.§§95-25.22(a) and 95-25.22(a1), plus

interest in the manner and at the rate prescribed in N.C.Gen.Stat. §95-25.22(a);

(e) Award the named plaintiff the costs of this action against the defendants Blue Diamond Transportation, Inc., Black Tie Transportation, Inc., and Grant K. Hill, jointly and severally;

(f) Award the named plaintiff reasonable attorney fees under and N.C.Gen.Stat. §95-25.22(d) and 29 U.S.C. §216(b) against the defendants Blue Diamond Transportation, Inc., Black Tie Transportation, Inc., and Grant K. Hill, jointly and severally;

(g) Award prejudgment and post judgment interest against the defendants Blue Diamond Transportation, Inc., Black Tie Transportation, Inc., and Grant K. Hill, jointly and severally, at the highest amount authorized by applicable law on any amount of monetary damages awarded for back wages as requested in paragraph (c) and (d) of this Prayer for Relief based upon such date(s) as may be appropriate under applicable law;

(h) Award such other relief as may be just and proper in this action.

This the 2nd day of April, 2018.

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:/s/Robert J. Willis
Robert J. Willis
Attorney at Law
NC Bar #10730
(mailing address)
P.O. Box 1828
Pittsboro, NC  27312
Tel:(919)821-9031
Fax:(919)821-1763
488 Thompson Street
Pittsboro, NC  27312
Counsel for Plaintiff
rwillis@rjwillis-law.com

13

Case 5:18-cv-00139-D   Document 1   Filed 04/02/18   Page 13 of 14

**CONSENT TO SUE**

I, **Michael James McKeown** hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

*Michael James McKeown*
SIGNATURE

2-9-18
DATE